IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:05-CV-34-FL

| | |
|---|---|
| VICENTE JIMENEZ-OROZCO a/k/a VICENTE JIMENEZ OROSCO and JUAN PUCHETA VELASCO, both individually and on behalf of all other similarly situated persons, ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) BAKER ROOFING COMPANY, W. PRENTISS BAKER, III, FRANK S. BAKER, and REBEKAH BAKER, ) ) ) ) ) Defendants. ) | **ORDER** |

This case comes before the court on the motion by plaintiffs Vincente Jimenez-Orozco ("Orozco") and Juan Pucheta Velasco ("Velasco") (collectively "plaintiffs") to compel discovery (DE #67-1) from defendants Baker Roofing Company, W. Prentiss Baker, III, Frank S. Baker, and Rebekah Baker (collectively "Baker Roofing" or "defendants") relevant to class and collective action certification. The case is also before the court on plaintiffs' motion (DE #69-1) for extension of the current deadline of 2 April 2007 for completion of discovery on the class and collective action certification issues and the corresponding deadline of 22 April 2007 for plaintiffs' submission of a supplemental memorandum in support of their motion for class and collective action certification. Defendants have filed a response (DE #70-1) and amended response (DE #72) in opposition to the motion to compel, and a response in opposition to the motion for extension of time (DE #73). The motions were referred to the undersigned Magistrate Judge for review and decision pursuant to 28 U.S.C. §636(b)(1)(A). For the reasons stated below, the motion to compel will be granted in part and denied in part, and the motion for extension of time will be granted.

## I. BACKGROUND

In this action, plaintiffs assert claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the North Carolina Wage and Hour Act ("NCWHA"), N. C. Gen. Stat. §§ 95-25.1 to 95-25.25, and North Carolina contract law arising from their employment with Baker Roofing, a full-service roofing contractor. Specifically, in the First Amended Complaint (DE #61), plaintiffs allege the following violations by Baker Roofing: (1) failure to pay for time working or waiting at the Baker Roofing Company headquarters before going to job sites and for time traveling from headquarters to job sites, in violation of the FLSA and NCWHA ("engaged to wait/all in a day's work claims"); (2) failure to comply with the ride time policy set out in Baker Roofing's employee handbook, in violation of the NCWHA and contract law; and (3) deducting pay for personal protective equipment, in violation of the NCWHA. Plaintiffs allege their NCWHA and contract causes of action as class action claims under Fed. R. Civ. P. 23. They assert their FLSA claims as collective actions, pursuant to the provisions of that statute, 29 U.S.C. § 216(b).

In light of the class and collective action nature of the claims asserted, the court adopted a staged approach to discovery in its case management order ("CMO") (DE #21). The CMO directed that discovery by Orozco, who at that time was the only plaintiff in this action, initially be limited to him and his work crew. (CMO, ¶ I.B.1, pp. 1-2).[1] After review of the responses to this discovery,

---

[1] The relevant provisions read:

[D]efendants shall respond to plaintiff's first set of interrogatories and request for production of documents by producing all responsive material as it pertains to the named plaintiff and his work crew. Plaintiff shall then have 30 days after service to review this material and take such depositions as may be necessary to determine whether expanding the scope of discovery to include records and documents pertaining to other work crews is likely to result in the acquisition of information relevant to the issue of class certification. Upon plaintiff's supplemental request, defendants shall have 21 days thereafter to either confirm that the information will be provided or file an appropriate motion requesting that the discovery not be had. (CMO, ¶ I.B.1, pp. 1-2.)

2

Orozco was to determine whether or not to serve supplemental discovery relating to prosecution of the class and collective action issues. (*Id.,* p. 2). Orozco did, in fact, serve supplemental discovery–namely, a second set of requests for production of documents ("second production requests") (DE #26-7). In accordance with the CMO (¶ I.B.1, p. 2), Baker Roofing responded by filing a motion to preclude Orozco from pursuing class-wide discovery.[2] (DE #25). In an Order dated 31 January 2007 ("Discovery Order") (DE #64), the court granted in part and denied in part that motion, directing Baker Roofing to respond to two of the requests in plaintiffs' second set of production requests. The court also allowed the parties additional time to conduct further discovery relevant to the issues of class and collective action certification, and designated the time from March 2004 through October 2004 as the appropriate period for purposes of such discovery ("designated period"). (*See* Discovery Order, pp. 4-5).

Following the Discovery Order, plaintiffs requested, via two letters to defendants' counsel (DE #67-2), the following additional information from defendants:[3] (1) the names, residence and

---

[2] Following the filing of defendants' motion to limit class-wide discovery, Velasco was added as a party to this action.

[3] In the first letter, dated 2 February 2007 (DE #67-2, pp. 1-4), plaintiffs requested that defendants produce, in relevant part:

1. A computer disc(s) or other electronic device that contains all of the information called for by the "Second Set of Interrogatories" for all hourly employees whose names are listed on any of the time sheets that Baker Roofing Company ("BRC") has produced to date for inspection and copying by the plaintiffs.

[The Second Set of Interrogatories (DE #67-3) contains only one interrogatory, no. 11, requesting that Baker Roofing "identify each person(s) other than the Plaintiff who . . . was employed by ROOFING to perform or assist in the performance of one or more of the task(s) performed by any person(s) whom ROOFING employed as a foreman, laborer, and/or helper in its "built up", "single ply", "shingle", "seamless gutter", "siding", "coating", "sht metal inst" (sheet metal installation), "WP&C", "Restoration", "Repair", and/or "Roofguard" department(s) at any time relevant to this lawsuit . . . . or at any time in the time period from 2 March 2004 through and including 5 March 2004 . . . ." In the instructions to the Second Set of Interrogatories, the word "identify" is defined in paragraph three (on page 2) as "the full given and married name, if any, of the person(s) involved, the last known

3

business physical and mailing addresses, residence and business telephone numbers, and current employer information for all individuals employed by Baker Roofing during the designated period; (2) the time sheets for Velasco and the individuals who have filed a consent to sue for the entire period of their employment with Baker Roofing;[4] and (3) certain global positioning system ("GPS") tracking information from the Baker Roofing vehicle BTAR system, including a key to use in deciphering the BTAR information. Upon defendants' refusal to provide the requested information, plaintiffs filed the instant motions.

---

mailing address (business and residence), last known physical street address (business and residence), last known business and residence telephone number, if any exists, and current and/or last known employer and employment title or function."]

2. A computer disc(s) or other electronic device that contains all of the information called for by the "Second Set of Interrogatories" for all hourly employees whose names are listed on any of the time sheets described in ¶19 of the above-referenced document request that the Court has ordered BRC to produce at page 4 of the Court's 31 January 2007 Order for the time period from March 2004 through October 2004.

6. Upon the plaintiffs' provision of a list of the BRC company truck numbers for those employees that are described in ¶¶ 1-2 above of this letter, a computer disc(s) or other electronic device that contains the BTAR global positioning system data for all of those same BRC company trucks that were used by any crew foreman or other driver(s) for any of those same crews for the time period from March 2004 through October 2004. This computer disc should contain a key or index explaining what information is contained with respect to at least one page of the data that is stored in that disc.

In the second letter, dated 9 February 2007 (DE #67-2, pp. 5-6), plaintiffs requested that defendants produce the following:

11. A computer disc(s) or other electronic device that contains all of the *"time sheets"* described in ¶19 of the above-referenced document request which record any hours of work performed by the named plaintiff Juan Pucheta Velasco, and each of the other persons who have filed written Consents to Sue pursuant to 29 U.S.C. §216(b) to date for the entire time period from 13 December 2002 through the present date.

[4]Although plaintiffs' memorandum indicates that they are seeking time sheets for Velasco and *seven* individuals who have consented to suit (Plfs.' Mem., p. 7), defendants' memorandum states that plaintiffs requested time sheets for Velasco and *six* individuals who have consented to suit (Defs.' Mem., p. 6). In fact, seven individuals have filed consents to sue, but one of them is Velasco, who is now a plaintiff. (*See* DE # 24, 29, 31, 32, 37, 42, 43).

4

## II. DISCUSSION

### A. Motion to Compel

#### 1. Employee Contact Information

Plaintiffs state that they seek contact information for Baker Roofing employees during the designated period for the purpose of interviewing and screening them as potential deponents and class claimants. (Plfs.' Mem., pp. 6-7). Defendants contend that providing this information would not only be inappropriate, but also in contravention of the court's Discovery Order. (Defs.' Compel Mem., p. 5).

The court rejects defendants' contention that disclosure of the requested contact information would violate the Discovery Order. That Order dealt specifically with plaintiffs' second set of production requests. Those requests did not contain a request for the employee contact information plaintiffs now seek. The parties have not otherwise previously brought before the court the issue of production of this contact information.

Moreover, as indicated, the Discovery Order expressly authorized the parties to conduct further discovery on the issues of class and collective action certification in recognition of the fact that the document production ordered would not necessarily provide the court the information it needs to resolve these issues. (Discovery Order, pp. 4-5). The request for the names and, subject to certain limitations set out below, addresses of employees in the designated period appears to be reasonably calculated to provide information needed on the certification issues. Indeed, it is unclear how plaintiffs can develop relevant information regarding the eight departments about which essentially no information has been provided to the court without identification of employees from those departments whom plaintiffs may then contact. (*See id.*, p. 3). Certainly defendants have

5

proposed no alternative means for developing such information. However, the court finds the requested production of employee telephone numbers and current employer information (excluding business addresses in the absence of residence addresses) to be unnecessary and potentially unduly burdensome and intrusive to the employees.

IT IS THEREFORE ORDERED that plaintiffs' motion to compel is GRANTED IN PART and DENIED IN PART with respect to the employee contact information sought. Defendants shall produce to plaintiffs within ten days of entry of this Order the names and most current residence addresses (both mailing and physical) it has for all individuals employed at Baker Roofing during the designated period (*i.e.*, between March 2004 and October 2004), provided that defendants shall produce the most current business addresses (both mailing and physical) for any such employees for whom defendants do not have any current residence addresses. In addition, defendants shall produce current business addresses (both mailing and physical) for an employee within five days after plaintiffs notify defendants that residence addresses previously produced by defendants for such employee have proved to be invalid. Defendants shall not produce telephone numbers or current employer information (other than business addresses as provided above) for such employees.

### 2. Time Sheets

Plaintiffs' request for the time sheets for Velasco and the other individuals who have filed consents to sue for their entire period of employment with Baker Roofing encompasses time sheets outside the designated period, stretching back to 2002 and beyond 2004. (*See* Plfs.' Compel Mem., p. 7). Defendants have already produced the time sheets for these individuals for the designated period. (Defs.' Compel Mem., p. 6; Discovery Order, p. 4). It appears that defendants also produced the requested time sheets for periods of employment after 25 February 2005. (Plfs.' Compel Mem.,

6

p. 7; Defs.' Compel Mem., p. 6). While defendants initially agreed to produce all of the requested time sheets, they subsequently learned that due to the method used to electronically store the documents before March 2005, retrieval of the additional time sheets would be extremely time consuming and tedious. (Defs.' Compel Mem., p. 6-7). Defendants now argue that the information requested is of marginal evidentiary value and is not reasonably accessible. (*Id.*, p. 7, 8).

The court finds that production of the additional time sheets sought is not necessary to determination of the certification issues. The time sheets defendants have already produced appear to be sufficient for that purpose.

IT IS THEREFORE ORDERED that plaintiffs' motion to compel is DENIED with respect to the additional time sheets sought. This ruling is without prejudice to the possible production of these time sheets at a future stage of this case.

### 3. GPS Tracking Information

Plaintiffs assert that defendants have produced to defense counsel certain documents containing GPS tracking information from the BTAR system. (Plfs.' Compel Mem., p. 9). Plaintiffs' motion seeks copies of all such documents currently in the possession of defendants' counsel. (*Id.*). Defendants have responded that they have now produced the requested material to plaintiffs. (Defs.' Compel Mem., p. 9). IT IS THEREFORE ORDERED that plaintiffs' motion to compel is DENIED as MOOT with respect to the GPS tracking data sought.

### B. Motion for Extension of Time

Plaintiffs have requested an additional sixty days from the date of this Order to conduct discovery and twenty days from this extended deadline to file a supplemental memorandum on their motion for class and collective action certification. (Plfs.' Time Mot., p. 1). Plaintiffs contend that

7

discovery disputes with defendants have prevented them from completing discovery by the current 2 April 2007 deadline. (*Id.*, pp. 2-3). Defendants oppose the extensions sought on the principal grounds that the extensions will cause unnecessary delay and cost, and that plaintiffs have not been sufficiently diligent in pursuing discovery. (Defs.' Time Resp., pp. 2-3).

The court finds that plaintiffs have demonstrated good cause for the extensions sought. It is apparent that the information needed by the court to resolve the class and collective action certification issues has not yet been developed. Plaintiffs have shown sufficient diligence in pursuing discovery of this information. At the same time, the court is unpersuaded that the extensions sought would materially prejudice defendants.

IT IS THEREFORE ORDERED that plaintiffs' motion for extension of time is GRANTED. The parties shall have until 12 June 2007 to complete discovery on the class and collective action certification issues. After completion of such discovery but no later than 2 July 2007, plaintiffs may file a supplemental memorandum in support of their motion for certification addressing any additional information developed that plaintiffs wish the court to consider. Baker Roofing may file a response to plaintiffs' supplemental memorandum no later than twenty days after it is served. Plaintiffs may file a reply memorandum ten days after service of Baker Roofing's response.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel is GRANTED IN PART and DENIED IN PART and plaintiffs' motion for an extension of time is GRANTED, both on the terms set forth above.

8

SO ORDERED, this the 13th day of April, 2007.

James E. Gates
United States Magistrate Judge